**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDSON GARDNER, AUN, Unitah
Mix-Blood Indian,

      Plaintiff-Appellant,

v.

UTE TRIBAL COURT CHIEF
JUDGE; GEORGE TAH-BONE, of the
Uintah and Ouray Indian Reservation;
UTE TRIBAL COUNCIL, BUSINESS
COMMITTEE; O. ROLAND
MCCOOK, SR., Chairman
(Uncompahgre) dba Ute Tribal
Council, or Business Committee as
Ute Indian Tribe; ROSALINE
TAVAPONT, Vice-Chairperson
(Uncompahgre), dba Ute Tribal
Council, or Business Committee as
Ute Indian Tribe; RONALD
WOPSOCK, Member (Uintah), dba
Ute Tribal Council, or Business
Committee as Ute Indian Tribe;
FLOYD WOPSOCK, Member
(Uintah), dba Ute Tribal Council, or
Business Committee as Ute Indian
Tribe; SMILEY ARROWCHIS,
Member (Whiteriver), dba Ute Tribal
Council, or Business Committee as
Ute Indian Tribe; KIRBY ARRIVE,
Member (Whiteriver), dba Ute Tribal
Council, or Business Committee as
Ute Indian Tribe; TOD J. SMITH,
Attorney; JOHN R. LEHMER,
Attorney

      Defendants-Appellees.

No. 01-4037
(D.C. No. 00-CV-153)
(D. Utah)

ORDER AND JUDGMENT [*]

Before **TACHA**, Chief Judge, **SEYMOUR**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Edson Gardner appeals the dismissal of his lawsuit against various Ute tribal entities and representatives. Because plaintiff has not shown federal court jurisdiction over his claims, we affirm.

Plaintiff filed a series of pleadings in the district court. In February 2000, he attempted to file documents entitled "Extraordinary Writ and Mandamus" and "Amendment Extraordinary Writ and Mandamus." In these documents, plaintiff alleged that he, a mixed-blood Uintah Indian, holds a possessory interest in the Uintah Valley in Utah based on an 1861 treaty, and that the Ute Tribe was

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

wrongfully possessing and transferring the land. These pleadings were not filed, however, because plaintiff failed to pay the filing fee.

On September 7, 2000, plaintiff paid the filing fee and filed a document entitled "Petition for Writ of Habeas Corpus and Evidentiary Hearing Requested." In his petition, plaintiff alleged that he was in the custody of the Ute tribal court based on the court's letters admonishing him against the unauthorized practice of law and forbidding him from practicing in the tribal court because he lacked a law license and was not a member of a federally recognized tribe. Plaintiff's February pleadings were also deemed filed at this time.

After reviewing plaintiff's pleadings, the district court concluded they failed to state a claim. Plaintiff was directed to file an amended complaint clearly setting forth his claims and the facts underlying the claims. Plaintiff responded by filing a pleading containing new claims under section 2 of the Voting Rights Act of 1965. Plaintiff's amended complaint alleged that the Ute Tribe's system of election improperly disenfranchised mixed-blood Uintah Indians, and sought declaratory and injunctive relief.

Defendants moved for dismissal on both jurisdictional and procedural grounds. After reviewing plaintiff's amended complaint, the district court granted defendants' motions to dismiss. On appeal, plaintiff argues that the district court erred in dismissing his "habeas" action because he raised a federal

question regarding his possessory rights to the Uintah Valley, and a constitutional question regarding his inability to practice in the tribal court. He also argues for the first time on appeal that the Tribe subjected him to employment discrimination. We do not consider this issue, however, because it was not presented to the district court. *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

We begin by examining our jurisdiction, as we are required to do. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (holding "every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction") (quotation omitted). We have jurisdiction under 28 U.S.C. § 1291 to review the district court's conclusion that it lacked subject matter jurisdiction. *See Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1190 (10th Cir. 2001). We review the district court's dismissal *de novo*. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001). Plaintiff has the burden of demonstrating the existence of subject matter jurisdiction by a preponderance of the evidence. *Robinson*, 245 F.3d at 1191.

The Ute Indian Tribe is a sovereign entity which may not be sued in federal court unless its immunity has been clearly waived either by the Tribe or by Congress. *Id.* at 1304. Plaintiff has not shown such a waiver for any of his claims. Moreover, as plaintiff is not in "custody" as that word is defined in

habeas case law, there is no jurisdiction over his habeas claim. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (noting that federal court has habeas jurisdiction "only" when person requesting relief is in custody). Finally, section 2 of the Voting Rights Act, by its terms, does not apply. *See* 42 U.S.C. 1973(a) (limiting provisions of statute to States and their political subdivisions).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge