**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

NATIONAL LABOR RELATIONS
BOARD,

      Petitioner–Cross-Respondent,

v.

TEAMSTERS LOCAL UNION NO. 523,
affiliated with International Brotherhood
of Teamsters,

      Respondent–Cross-Petitioner,

KIRK RAMMAGE,

      Intervenor.

Nos. 11-9538 & 11-9542
(NLRB Case Nos. 17-CA-23404 &
17-CB-6146)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

These consolidated appeals arise from the National Labor Relations Board's

finding that Teamsters Local Union No. 523 engaged in unfair labor practices by insisting

a previously unrepresented employee be placed at the bottom of a merged unit's seniority

roster when employees from the two merging bargaining units had their seniority

dovetailed. The NLRB seeks enforcement of its decision against the Union, and the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Union has filed a cross-petition challenging the NLRB's decision. The affected employee has filed an intervenor's brief responding to the Union's arguments.

Intervenor Kirk Rammage began working as a Dolly Madison bakery sales representative in the 1990s. In 1996-97, his employer, Interstate Bakeries, purchased the Wonder Bread/Hostess product lines, and Mr. Rammage was moved from a Dolly Madison warehouse to the Ponca City Wonder Bread/Hostess warehouse. However, he continued to sell only Dolly Madison products, while the other sales representatives at the Ponca City warehouse sold only Hostess and Wonder Bread products.

The Union historically represented Interstate Bakeries' Dolly Madison and Wonder Bread/Hostess sales representatives in separate units with separate collective-bargaining agreements. The Wonder Bread/Hostess contract covered the sales representatives who sold these products, including all of the Ponca City sales representatives except Mr. Rammage. The Dolly Madison contract covered sales representatives who sold Dolly Madison products in Tulsa and Muskogee, but not in Ponca City. Thus, Mr. Rammage was not represented by either unit, and he received company benefits rather than the benefits provided under either union contract.

In late 2005, Interstate Bakeries decided to stop differentiating between Dolly Madison and Wonder Bread/Hostess routes, instead having all sales representatives deliver and sell all products. Interstate Bakeries and the Union agreed the separate collective bargaining units represented by the Union would also be consolidated, with the Wonder Bread/Hostess contract remaining in effect and the employees covered by the

Dolly Madison contract being dovetailed according to unit seniority with the Wonder Bread/Hostess sales representatives. During this discussion, the Union was informed of Mr. Rammage's employment and the fact that he was not included in either bargaining unit. The parties agreed that Mr. Rammage should be included in the merged collective bargaining unit, but there was some debate over seniority. Mr. Rammage had the most company seniority of any sales representative in Ponca City, and his employer wanted him to be dovetailed into the merged unit along with the other Dolly Madison employees. However, the Union insisted he be placed at the bottom of the merged unit's seniority roster, and Interstate Bakeries ultimately agreed. Mr. Rammage was subsequently bumped from his position in Ponca City by a sales representative with higher union seniority and forced to transfer to Bartlesville, seventy miles away.

Mr. Rammage filed charges against his employer and the Union, and the NLRB's general counsel issued a consolidated unfair labor practice complaint. After a hearing, an administrative law judge concluded that neither the employer nor the Union violated labor practice laws by endtailing Mr. Rammage's seniority. The ALJ's decision was reviewed by a two-member panel of the NLRB, which disagreed with the ALJ and concluded that the decision to endtail Mr. Rammage's seniority constituted an unfair labor practice on the part of both the Union and the employer. The employer did not object to this decision, but the Union filed a petition for review with this court, which affirmed the NLRB's decision in *Teamsters Local Union No. 523 v. NLRB*, 590 F.3d 849 (10th Cir. 2009). After the Supreme Court ruled that the NLRB cannot act by a two-member panel,

-3-

*see New Process Steel v. NLRB*, 130 S. Ct. 2635 (2010), this decision was vacated and the matter remanded to the NLRB for further proceedings. On remand, a three-member NLRB panel reached the same result as the earlier two-member panel, again concluding the Union impermissibly discriminated against Mr. Rammage based on his prior unrepresented status when it insisted he not be dovetailed into the merged unit, unlike the Union employees who were also being merged into the unit. The Union again filed a petition for review, which reiterated the same arguments previously made to and rejected by this court.

Nothing in the Union's briefs convinces us we should reach a different conclusion than we did in the earlier appeal. As we explained in our earlier decision, "we will enforce NLRB orders if the agency's legal conclusions are reasonable and its factual findings are supported by substantial evidence in the administrative record." *Teamsters Local 523*, 590 F.3d at 854. And, as we likewise explained in our earlier opinion, the NLRB's conclusion in this case was reasonable and supported by substantial evidence in the administrative record. *See id.*; *see also Sheehy Enterprizes, Inc. v. NLRB*, 431 F. App'x 488, 489 (7th Cir. 2011) ("[T]here is no need to give the appeal a second look. We have already indicated that we were prepared to deny an identical petition on the merits and we complete the task here without hesitation (and without oral argument, pursuant to Federal Rule of Appellate Procedure 34(a)(1))."); *NLRB v. Ne. Land Servs., Ltd.*, 645 F.3d 475, 478 (1st Cir. 2011) ("As there has been no intervening controlling authority or even persuasive authority provided to us, this panel reinstates . . . the merits portion of our

prior decision, with the matters overruled by *New Process Steel* excerpted.").

The facts in the administrative record support the NLRB's finding that "the parties did not endtail Rammage in order to protect unit seniority but in order to protect union seniority." *Interstate Bakeries Corp.*, 357 N.L.R.B. No. 4 (2011). "In fact, in relation to the Hostess/Wonder Bread employees, the only discernable difference between the dovetailed Dolly Madison employees and the endtailed Mr. Rammage was that Mr. Rammage had not previously been represented by the Union." *Teamsters Local 523*, 590 F.3d at 854. The NLRB reasonably rejected the Union's argument that it acted permissibly to preserve unit seniority, since "the integrity of the Hostess/Wonder Bread unit's seniority roster was no less compromised by dovetailing only the Dolly Madison employees than it would have been if Mr. Rammage were also dovetailed." *Id.* Under the facts of this case, the NLRB reasonably concluded that the Union violated Section 8(b)(1)(A) and (2) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(1)(A) and (2), by protecting union seniority in a merged bargaining unit at the expense of a previously unrepresented employee. Thus, for substantially the same reasons stated by the NLRB and in the merits portion of our prior decision in this case, we affirm the NLRB's decision and enter judgment enforcing its order in full.

Also before us in this proceeding is Mr. Rammage's motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Mr. Rammage argues the Union's petition for review is frivolous under Rule 38 because it simply repeats the same arguments this court already rejected on the merits, albeit in a decision that was vacated

because the underlying NLRB decision was decided by an invalid two-member panel. We agree. While it was not frivolous for the Union to attempt to persuade the three-member NLRB panel to reach a different result on remand, when the three-member panel reached the same result as the earlier panel, the Union had no objectively reasonable basis to believe it would prevail in raising the same arguments this court had already rejected on the merits. *See DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1346 (10th Cir. 2009) ("[O]ne who assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail does so at the risk of being sanctioned." (internal quotation marks omitted)).

Under Rule 38, we may "award just damages and single or double costs to the appellee." In his motion, Mr. Rammage requests an unspecified amount of attorney fees as damages, apparently seeking the actual amount of these fees. However, an additional round of briefing on the amount of fees would only add to the unnecessary expenses already incurred in this prolonged litigation, and, moreover, "this court does not engage in the factual findings that such a specific award would require," *Wheeler v. Comm'r*, 528 F.3d 773, 784 (10th Cir. 2008). On the other hand, for uncomplicated frivolous administrative appeals such as this one, a sanction of $4000 has some historic support. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006) (adopting a presumptive sanction of $4000 for frivolous tax appeals); *Wheeler*, 528 F.3d at 783-85 (awarding $4000 for a frivolous tax appeal). After considering the nature of the arguments raised in this appeal and the extent to which these arguments were already briefed in the earlier

appeal, we conclude that $4000 is a reasonable amount for "just damages" in this case. We therefore award $4000 plus double costs as a sanction for the Union's frivolous petition for review.

The decision of the NLRB is hereby **AFFIRMED**. Mr. Rammage's motion for sanctions is **GRANTED** and a sanction of $4000 plus double costs is awarded.

Entered for the Court


Monroe G. McKay
Circuit Judge