**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDSON GARDNER, Uintah Indian
Descendant,

        Plaintiff/Counter-Defendant –
        Appellant,

v.

MICHAEL W. WILKINS, Uintah County
Clerk-Auditor,

        Defendant-Counterclaimant –
        Appellee,

and

STATE OF UTAH,

        Defendant.
_____

EDSON GARDNER,

        Petitioner – Appellant,

v.

JUDGE G. A. PETRY,

        Respondent – Appellee,

.

Nos. 12-4156 and 12-4158
(D.C. Nos. 2:12-CV-00474-TC and
2:11-CV-01206-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

_____

    [*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

(Continued . . .)

Before **BRORBY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

We here consider Edson Gardner's two pro se appeals. In the first appeal, No. 12-4156, he challenges the district court's dismissal of his complaint to enjoin Utah from collecting taxes from him because he lives and works on Indian land. The second appeal, No. 12-4158, is from the dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus in which he names as defendant the judge who fined him for a speeding ticket received while driving on Indian land.

Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation. *See Gardner v. United States*, 25 F.3d 1056 (10th Cir. 1994) (unpublished); *State v. Gardner*, 827 P.2d 980 (Utah Ct. App. 1992); *Gardner v. Ute Tribal Court*, 36 F. App'x 927 (10th Cir. 1992) (unpublished) (where Gardner alleged he was in the custody of the Ute tribal court based on the court's letters

---

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

admonishing him against the unauthorized practice of law and forbidding him from practicing in the tribal court because he lacked a law license and was not a member of a federally recognized tribe.).

Nonetheless, Indian status is the basis for both of his complaints. The defendants in both cases moved for judgment on the pleadings because Gardner had already litigated Utah's authority over him and lost. *Gardner*, 25 F.3d 1056, 1994 WL 170780 at *3 ("The State of Utah does not have jurisdiction over crimes committed by Indians in Indian Country. However, states do have jurisdiction in Indian country over crimes committed by non-Indians against non-Indians, as well as over victimless crimes committed by non-Indians.") (citation omitted).

The motions to dismiss were granted in both cases. The complaint associated with Appeal No. 12-4156 was dismissed because the claims had been previously litigated. The petition associated with Appeal No. 12-4158 was dismissed without reaching the merits because the district court lacked jurisdiction: Gardner did not name a proper custodian or claim he was in custody (as that term is generously interpreted), he did not exhaust his administrative remedies, and his claims were not the proper subject of a § 2241 challenge – all necessary elements of any petition. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (noting § 2241 allows United States district courts jurisdiction only from persons who are *in custody*); *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("No statutory exhaustion requirement applies to § 2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that

jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.") (quotations omitted); *Brace v. United States*, 634 F.3d 1167 (10th Cir. 2011) ("A § 2255 motion . . . is generally the exclusive remedy for a federal prisoner seeking to attack[ ] the legality of detention . . . .") (quotations omitted).

In both appeals, Gardner's briefs ignore the unassailable reasons for the courts' dismissals of his claims.[1]  Because Gardner is appearing pro se, we construe his pleadings liberally but "our role is not to act as his advocate."  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).  Pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and we will not make his arguments for him.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

---

[1] Both defendants moved for summary dismissal of these frivolous appeals.  We deny these motions.  *See* 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3901(2d ed. 1995) ("There are some risks in dismissal, however.  The opportunity to seek dismissal of an appeal as frivolous could easily be misused by appellees, delaying the appeal and increasing complexity without any redeeming advantage. Characterization of an appeal as frivolous may encourage summary disposition too easily, and might lead to some confusion with the rules authorizing imposition of penalties for frivolous appeals.  Since dismissal has no obvious advantage as compared to affirmance, it would be better to affirm.").

Appeal No. 12-4156 is AFFIRMED.  Appeal No. 12-4158 is DISMISSED.[2]  All pending motions are denied.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

---

[2] Because the district court did not have jurisdiction over Gardner's habeas petition, a Certificate of Appealability (COA) for Appeal No. 12-4158 is denied. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (a state prisoner seeking relief under § 2241 must obtain a COA).  Gardner's motion for a preliminary injunction and restraining order in Appeal No. 12-4156 is denied.