FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDSON GARDNER, Uintah Indian
Descendant,

      Plaintiff - Appellant,

v.

MICHAEL W. WILKINS, Uintah County
Clerk–Auditor; G. A. PETRY, Uintah
County Justice Court Judge,

      Defendants - Appellees.

No. 14-4090
(D.C. No. 2:13-CV-01027-TC-EJF)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

      This is a frivolous appeal. We affirm the judgment below and impose sanctions.

      In November 2013 Edson Gardner filed a pro se complaint in the United States

District Court for the District of Utah seeking declaratory and injunctive relief against the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Uintah County Clerk-Auditor and a Uintah County Justice Court Judge (the appellees). His later amended complaint alleged that Uintah County lacks authority to tax, regulate, and enforce its laws against Mr. Gardner because he is a "Uintah Indian Descendant." Am. Compl. for Declaratory & Injunctive Relief at 1, *Gardner v. Uintah Cnty. Clerk-Auditor*, No. 2:13-CV-1027-TC (C.D. Utah Dec. 5, 2013). The district court dismissed Mr. Gardner's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Judgment was entered on June 2, 2014.

Mr. Gardner has a history of unsuccessfully litigating similar issues based on his purported Indian status. *See, e.g.*, *Gardner v. Wilkins*, 535 F. App'x 767, 767 (10th Cir. 2013) ("Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation."); *Gardner v. Ute Tribal Court,* 36 F. App'x. 927 (10th Cir. 2002); *Gardner v. United States,* 25 F.3d 1056 (10th Cir. 1994) (unpublished). Aware of this history and having previously warned Mr. Gardner that any attempt to relitigate the same issues would result in sanctions, the district court held that it would impose monetary sanctions and directed the appellees to file documentation of their attorney fees and costs. On July 17, 2014, the court granted the appellees' motion for attorney fees in the amount of $4,861.99. Mr. Gardner filed a notice of appeal on August 4, citing only the order granting attorney fees as the subject of the appeal.

In a civil case the notice of appeal must be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). Mr. Gardner filed his notice of appeal over two months after the entry of judgment dismissing his complaint. The filing was, however, only 18 days after the order awarding attorney fees. For purposes of appeal, the order granting attorney fees is treated as a matter distinct from the court's judgment on the merits. In particular, the judgment on the merits is final—and the time to appeal begins to run on entry of the judgment—even though the issue of attorney fees remains pending. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010). Thus, we have jurisdiction under 28 U.S.C. § 1291 to review only the July 17 order granting attorney fees.

Mr. Gardner's appellate briefs, however, do not discuss the district court's award of attorney fees. Instead, they argue that his status as a Uintah Indian Descendant entitles him to sovereign immunity and that the district court erred in finding a waiver of sovereign immunity. Although we liberally construe the filings of pro se appellants, we may not "assume the role of advocate" and make arguments for them. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted). We hold that the omission from Mr. Gardner's briefs of any argument directed to the award of attorney fees waives the issue, *see State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994), and we affirm the award.

Mr. Gardner's shenanigans have consequences. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous,

it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The appellees have moved for attorney fees and double costs as sanctions. Mr. Gardner responded to the motion, but not persuasively. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted). This appeal fits that description. Mr. Gardner has failed to make any reasoned argument that the district court erred. Indeed, his brief ignores the subject of this appeal, the award of attorney fees. Moreover, this is not the first time that Mr. Gardner has brought a wholly meritless appeal in this court. *See Gardner*, 535 F. App'x at 768 ("In both appeals, Gardner's briefs ignore the unassailable reasons for the courts' dismissals of his claims." (footnote omitted)). "Such meritless appeals are a burden on the federal court system and justify the exercise of our discretionary power to award attorney's fees and double or single costs against litigants who prosecute frivolous appeals." *Fed. Deposit Ins. Corp. v. Van Laanen*, 769 F.2d 666, 667 (10th Cir. 1985). Mr. Gardner's pro se status does not immunize him. *See Kyler v. Everson*, 442 F.3d 1251, 1253–54 (10th Cir. 2006) ("Although this court may require a higher level of responsibility from members of the bar, pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. We emphasize today that we will scrutinize equally all filings by both pro se and counseled litigants to protect against the abuses identified in . . . Rule 38." (citation omitted)).

Accordingly, we grant the appellees' motion for sanctions under Rule 38 and award attorney fees as "just damages." We also award double costs to be assessed by the clerk in compliance with Rule 39. *See* Fed. R. App. P. 39. Ordinarily we remand to the district court to assess attorney fees. But "an additional round of briefing on the amount of fees would only add to the unnecessary expenses already incurred" in this unnecessary litigation. *NLRB v. Teamsters Local Union No. 523*, 488 F. App'x 280, 284 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 1458 (2013). The record before us and our prior practice supports an award of $1,000 in attorney fees. *See id.* at 284–85.

The district court's award of attorney fees is AFFIRMED. The appellees' motion for sanctions is GRANTED and Mr. Gardner is ordered to pay $1,000 plus double costs to the appellees.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5