FILED
United States Court of Appeals
Tenth Circuit

May 12, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

EDSON G. GARDNER,

    Plaintiff - Appellant,

v.

WENDI LONG, in her official capacity as
Treasurer of Uintah County, Utah,

    Defendant - Appellee.

No. 21-4101
(D.C. No. 2:18-CV-00509-RJS-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

Edson G. Gardner is no stranger to the federal courts. Over the last several
decades, Gardner has filed numerous suits challenging the authority of Utah's state
and local governments over both him and his property based on the theory that he is
an Indian and therefore entitled to the protections and benefits afforded to members
of Indian tribes under federal law. He has pursued these suits despite the fact that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

nearly thirty years ago, this court held that Gardner is not a member of an Indian tribe. *See Gardner v. United States*, No. 93-4102, 1994 WL 170780, at \*2-5 (10th Cir. May 5, 1994). In this, the latest chapter in Gardner's never-ending battle against the local authorities,[1] he sought a permanent injunction against Wendi Long, the Treasurer of Uintah County, Utah, preventing her from foreclosing tax liens on so-called Indian trust lands to which he claimed ownership. The suit was concluded when the district court dismissed Gardner's amended complaint with prejudice as a sanction for failing to make the initial disclosures required by Fed. R. Civ. P. 26(a) and respond to an order to show cause. Gardner, pro se, timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Gardner's amended complaint alleged that he is an Indian and the subject real property was an "Indian Allotment[]" or otherwise held in trust for him by the United States. Aplee. Suppl. App., Vol. IV at 664. As a result, he sought to enjoin

---

[1] *See, e.g.*, *Gardner v. Wilkins*, 593 F. App'x 800, 801-02 (10th Cir. 2014) (noting "Gardner['s] . . . history of unsuccessfully litigating . . . issues based on his purported Indian status" and describing his appeals as "a burden on the federal court system" (internal quotation marks omitted)); *Gardner v. Wilkins*, 535 F. App'x 767, 767 (10th Cir. 2013) ("Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe[;] [r]ather, he claims only to be a descendent of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation."); *Gardner v. Ute Tribal Ct. Chief Judge*, 36 F. App'x 927 (10th Cir. 2002) (litigating the Ute Tribe's election system and his right to practice law in the tribal courts). In addition to these appeals, Gardner has filed numerous district court suits in various contexts based directly or indirectly on his alleged status as an Indian. He is currently under filing restrictions in the district court based on his frivolous and duplicative filings.

Ms. Long from enforcing tax liens against the property. Other than filing an amended complaint, Gardner took no steps to advance the case on the merits. For example, he engaged in no fact discovery; instead, he focused his efforts on filing motions designed to delay the proceedings and burden both Ms. Long and the district court.[2]

The scheduling order entered by the district court established: January 6, 2021, as the deadline for the parties to submit their initial disclosures; March 15 as the last day to supplement disclosures; March 22 as the close of fact discovery; and May 15 for filing dispositive motions. Ms. Long timely served her initial disclosures on January 6; however, Gardner never served any disclosures, nor did he seek to amend the scheduling order. In a request for a scheduling conference, Ms. Long informed the court that Gardner had never served his initial disclosures or provided any information about proposed exhibits or witnesses at trial. The court determined that it needed to address Gardner's failure to serve his initial disclosures before setting a trial date because

> [w]here a party fails to provide information or identify a witness as required
> by Rule 26(a), Federal Rule of Civil Procedure 37(c)(1) provides "the party
> is not allowed to use that information or witness to supply evidence on a

---

[2] The record supports Ms. Long's statement that "[t]hese disruptive filings included at least eight *Motions for Injunctive* relief, including *Motions to Stay*; eight objections to the Magistrate's *Reports and Recommendations*; four *Notices of Appeal*; and two *Motions to Recuse*." Aplee. Br. at 14-15 (footnotes omitted). "Gardner also repeatedly violated the Court's *Filing Order* that required him to request leave of court prior to filing matters of record in this case, and was sanctioned with a finding of contempt for violating that *Order*. In addition, when the District Court did grant Gardner leave to file a *Motion*, he would repeatedly file the same *Motion*." *Id.* at 15 (footnotes omitted).

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Aplee. Suppl. App., Vol. VI at 1236. To that end, the court ordered Gardner to "show cause . . . why this case should not be dismissed pursuant to Rule 37(c)(1)." *Id.* at 1237. The court further ordered that "Gardner must address why his failure to make initial disclosures is justified or harmless under the four factors cited in [*HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017)]. *Id.*

But Gardner failed to respond to the show cause order; instead, he filed several pleadings unrelated to the show-cause order, such as a motion for default judgment and a request that the case be assigned to a different judge. The court found that "[n]one of these filings respond to the Order to Show Cause." R. at 287. Moreover, the court found that "[e]ven construing these filings as responses to the Order to Show Cause, none address Gardner's failure to make initial disclosures or offer any argument about why that failure is substantially justified or harmless as required under Rule 37(c)(1)." *Id.* Thus, the court dismissed the amended complaint with prejudice.

Gardner's appellate briefs do not discuss the grounds on which the district court dismissed the amended complaint; rather, he maintains that the court's "fail[ure] to grant injunctive relief" was "mercurial and capricious." Aplt. Opening Br. at 3. But Gardner's failure to address the grounds on which the amended complaint was dismissed means the issue is waived. *See Bronson v. Swensen*,

500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). This rule applies equally to pro se litigants. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("This court has not hesitated to apply this waiver rule . . . even to [litigants] who proceed pro se and therefore are entitled to liberal construction of their filings."). Gardner has therefore waived a challenge to the district court's dismissal.

The judgment is affirmed. We deny Gardner's motion to proceed on appeal without prepaying costs or fees because he has not presented "a reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Timothy M. Tymkovich
Chief Judge