FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDSON G. GARDNER,

      Plaintiff Counter Defendant - Appellant,

v.

WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,

      Defendant Counterclaimant - Appellee.

No. 22-4071
(D.C. No. 2:18-CV-00509-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Plaintiff Edson G. Gardner appeals from an award of attorney fees after his lawsuit against the Treasurer for Uintah County, Utah ("Treasurer"), was dismissed for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Edson Gardner filed a lawsuit seeking to enjoin the Treasurer from enforcing tax liens against property in which he claimed to have an ownership interest.[1]  But the district court dismissed the lawsuit when Mr. Gardner failed to take any steps to advance the case on the merits.  We affirmed the dismissal.  *Gardner v. Long*, No. 21-4101, 2022 WL 1494425 (10th Cir. May 12, 2022).

The district court subsequently sanctioned Mr. Gardner with an award of attorney fees on the ground that in filing the lawsuit, Mr. Gardner had acted in bad faith.  The Treasurer's attorneys submitted billing records reflecting a total of $27,820 in fees incurred.  The district court noted that a small portion of that amount—$1,595—involved work related to the appellate proceedings before the Tenth Circuit.  Because there had been no order from the Tenth Circuit awarding the Treasurer fees related to the appeal, the district court reduced the award to $26,225.  Mr. Gardner timely appealed the award.[2]

We review the decision to award attorney fees for abuse of discretion, which "has been characterized as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1233

---

[1] For more than 30 years Edson Gardner has filed lawsuits contending that he is an Indian entitled to the protections afforded to members of Indian tribes under federal law, and therefore immune from the state and local laws to tax him and his property.  He continues to pursue these lawsuits despite the fact that this Court held in 1994 that he is not a member of an Indian tribe.  *See Gardner v. United States*, No. 93-4102, 1994 WL 170780, at *3-5 (10th Cir. May 5, 1994).

[2] We liberally construe Mr. Gardner's pro se filings, but we do not assume the role of his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

(10th Cir. 2018) (internal quotation marks omitted).  "A district court abuses its discretion if it commits legal error, relies on clearly erroneous factual findings, or issues a ruling without any rational evidentiary basis."  *Id.*

A court has the inherent authority to assess attorney fees when a party acts "in bad faith, vexatiously, wantonly, and for oppressive reasons."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted).  "A party acts in bad faith only when the claim is brought entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."  *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (internal quotation marks omitted).  Mr. Gardner's long history of vexatious litigation behavior is well-established, *see Gardner v. Wilkins*, 593 F. App'x 800, 801 (10th Cir. 2014), and we agree with the district court that his lawsuit in this case was merely a continuation of the same pattern.  We discern no error in the district court's decision to award attorney fees against Mr. Gardner.

Mr. Gardner also challenges the amount of the fees awarded.  In particular, he argues in one conclusory sentence that the rates charged by the Treasurer's attorneys are too high.  He failed to make this argument before the district court, however, and we decline to address it.  *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (declining to address argument that plaintiff had not raised before the district court and was "minimally supported by legal argument" on appeal).  Mr. Gardner also argues the Treasurer is not entitled to litigation expenses such as lodging,

Westlaw charges, and meals.  Our review of the record, however, indicates that the fee award did not include any such expenses.

Finally, Mr. Gardner argues the district court should have held a hearing before awarding any fees.  But he did not request a hearing.  "Ordinarily, a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).  The district court committed no abuse of discretion in choosing not to hold a hearing.

We affirm the district court's award of attorney fees.  We deny Mr. Gardner's motion to proceed on appeal without prepaying costs or fees because he has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Bobby R. Baldock
Circuit Judge