**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERICK R. YOST,

        Plaintiff-Appellant,

v.

MIKEL L. STOUT; JENNIFER L.
JONES; NANCY ANSTAETT;
PATRICK BRAZIL; THEODORE B.
ICE; CHRISTINA PANNBACKER;
WILLIAM B. SWEARER; CAROLYN
TILLOTSON; ROBERT FLEMING;
BRUCE BUCHANAN; MARY
DAVIDSON COHEN; ROBERT A.
CREIGHTON; DAVID J. KING; and
LAWRENCE E. SHEPPARD, in their
official capacities as Members of the
Kansas Commission on Judicial
Qualifications; EDWARD G.
COLLISTER, JR., in his official
capacity as Commission Examiner for
the Kansas Commission on Judicial
Qualifications,

        Defendants-Appellees.

No. 09-3099

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(No. 5:06-CV-04122-JAR)**

---

Submitted on the briefs:[*]

Austin K. Vincent, Topeka, Kansas; James Bopp, Jr., Josiah Neeley, and Anita Y. Woudenberg, of Bopp, Coleson & Bostrom, Terre Haute, Indiana, for Plaintiff-Appellant.

Stephen O. Phillips, Assistant Attorney General, Topeka, Kansas; George T. Patton, Jr., and Marisol Sanchez, of Bose McKinney & Evans LLP, Indianapolis, Indiana, for Defendants-Appellees.

---

Before **LUCERO, HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

**HOLMES**, Circuit Judge.

---

Plaintiff-Appellant Erick R. Yost appeals from the district court's adverse judgment on his 42 U.S.C. § 1983 challenge to the "endorsement clause" of the Kansas Code of Judicial Conduct that generally prohibits a judge or judicial candidate from publicly endorsing or opposing another candidate for public office. We sought additional briefing from the parties on whether the notice of appeal in this matter was timely filed. We conclude that it was not. Accordingly, we do not have jurisdiction over the merits of this appeal and dismiss it for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

## BACKGROUND

On November 1, 2006, Erick R. Yost, a Kansas state district court judge, filed suit in the United States District Court for the District of Kansas against defendants in their official capacities. Judge Yost sought declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, and claimed that several provisions of the Kansas Code of Judicial Conduct, namely, Canon 5A(1)(b), Canon 5A(1)(e), and Canon 5C(2), violated his rights of free speech and freedom of association under the First and Fourteenth Amendments to the U.S. Constitution. This appeal concerns only his challenge to Canon 5A(1)(b), the "endorsement clause."[1]

After both sides filed motions for summary judgment, the district court issued a Memorandum and Order on November 16, 2008, granting summary judgment in favor of defendants on Judge Yost's endorsement-clause challenge and granting summary judgment in favor of Judge Yost on all other claims. The court

---

[1] The endorsement clause, Canon 5A(1)(b), provides that "a judge or a candidate for election or appointment to judicial office shall not . . . publicly endorse or publicly oppose another candidate for public office." Kan. S. Ct. R. 601A, Canon 5A(1)(b). Canon 5C(1)(b)(iv) creates an exception to that prohibition: "a judge or candidate subject to public election may . . . publicly endorse or publicly oppose other candidates for the same judicial office in a public election in which the judge or judicial candidate is running. Kan. S. Ct. R. 601A, Canon 5C(1)(b)(iv).

We cite the Kansas Code of Judicial Conduct set forth in Kansas Supreme Court Rule 601A because Judge Yost filed suit in November 2006. *See* Kan. S. Ct. R. 601B (noting that "[a]ll alleged violations committed before March 1, 2009, shall be subject to Rule 601A").

entered judgment in accordance with its Memorandum and Order on November 25, 2008. In the last sentence of the judgment, the district court sua sponte ordered the parties to bear their own costs and attorney's fees.[2]

On December 10, 2008, Judge Yost filed a motion styled "Motion to Alter or Amend Judgment," pursuant to Federal Rule of Civil Procedure 59(e). Judge Yost's motion was filed within the ten-day deadline prescribed at that time by Rule 59(e).[3] Judge Yost challenged the district court's denial of attorney's fees and

---

[2] The judgment read in relevant part as follows:

> **IT IS ORDERED AND ADJUDGED** pursuant to Memorandum and Order (Doc. 72), filed November 16, 2008, plaintiff's motion for summary judgment (Doc. 50) is granted on the solicitation clauses, Canon 5A(1)(e) and 5C(2)[,] and denied on the endorsement clause 5A(1)(b). Defendants' motion for summary judgment (Doc. 52) is denied on the solicitation clauses, Canon 5A(1)(e) and 5C(2)[,] and granted on the endorsement clause 5A(1)(b).
>
> **IT IS FURTHER ORDERED** that each party is to bear their own costs and attorney fees.

Aplt. App. at 57 (J., filed Nov. 25, 2008).

[3] Under the then-operative provisions of Federal Rule of Civil Procedure 6(a)(2), the intervening Thanksgiving holiday and the weekend days were excluded from the computation of the ten-day period, resulting in the tenth day falling on December 10, 2008. On December 1, 2009, numerous amendments to the Federal Rules of Civil Procedure took effect. Among other things, those amendments eliminated the intervening-holidays-and-weekends exclusion of Rule 6(a)(2), which in the view of the advisory committee "made computing deadlines unnecessarily complicated and led to counterintuitive results." Fed. R. Civ. P. 6 advisory committee's note (2009 amendments). Those amendments also lengthened the period for filing a Rule 59(e) motion to twenty-eight days (instead

(continued...)

4

argued that he was entitled to an award of attorney's fees as a prevailing party

under 42 U.S.C. § 1988. Judge Yost contended that the court should have waited to

decide the issue until after he had filed a motion for attorney's fees, which would

not have been due until fourteen days after the entry of judgment.[4] He therefore

attached a motion for attorney's fees and expenses, pursuant to Rule 54(d), and

requested that the court alter or amend its judgment of November 25, 2008, as to

---

[3](...continued)
of ten days). Fed. R. Civ. P. 59(e). In the view of the advisory committee, "[e]xperience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 59 advisory committee's note (2009 amendments).

The 2009 amendments do not materially affect our analysis or the ultimate disposition of this appeal. Judge Yost's motion was unquestionably timely under either the version of Rule 59(e) in effect at the time that he filed the motion or under the version in effect as of December 1, 2009. As discussed *infra*, the salient question before us is whether it is actually proper to view Judge Yost's motion as being brought under Rule 59, as opposed to Rule 54. And the 2009 amendments have no direct impact on our resolution of that question. When the Supreme Court amended the rules, however, it provided "[t]hat the foregoing amendments . . . shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, *all proceedings then pending*." Order of Mar. 26, 2009, 2009 U.S. Order 17 (C.O. 17) (emphasis added). Therefore, with an understanding that our analysis will not be affected by doing so, we deem it to be "just and practicable" to follow the Court's instruction; unless otherwise noted, we will be guided by the language of the current version of the Federal Rules of Civil Procedure.

[4]     Rule 54(d)(2) provides in relevant part that "[a] claim for attorney's fees . . . must be made by motion[,] unless the substantive law requires those fees to be proved at trial as an element of damages," and that such a "motion must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2).

the issue of attorney's fees.

On April 9, 2009, the district court ruled on the "Motion to Alter or Amend Judgment," construing it as a motion for attorney's fees under Rule 54(d) and not as a motion to alter or amend the judgment under Rule 59(e). The court determined that "[t]he motion wholly concern[ed] liability for attorneys' fees[] and not the merits of the claims in this case." Aplt. App. at 72 (Mem. & Order, filed Apr. 9, 2009). The court then concluded that Judge Yost was a prevailing party under § 1988 and granted the motion.

On April 14, 2009, Judge Yost filed a notice of appeal from the district court's judgment of November 25, 2008.[5] On July 24, 2009, we raised the issue of whether the notice of appeal was timely filed and ordered the parties to file jurisdictional memoranda, which they did.

---

[5] On December 1, 2009, numerous amendments to the Federal Rules of Appellate Procedure went into effect. Those amendments have no bearing on our analysis or the ultimate resolution of this appeal. However, as with the contemporaneous amendments to the Federal Rules of Civil Procedure, the Supreme Court directed "[t]hat the foregoing amendments . . . shall take effect on December 1, 2009, and shall govern in all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, *all proceedings then pending*." Order of Mar. 26, 2009, 2009 U.S. Order 15 (C.O. 15) (emphasis added). Therefore, recognizing that our analysis will not be altered by doing so, we consider it to be "just and practicable" to refer here to the language of the current federal appellate rules.

6

## DISCUSSION

A timely-filed notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988); *accord Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 566 (10th Cir. 1995). Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case where the United States is not a party must be filed within thirty days after the entry of the judgment or order from which an appeal is taken. Fed. R. App. P. 4(a)(1)(A). That time period may be tolled if, among other reasons: (1) a party timely files a motion for attorney's fees under Federal Rule of Civil Procedure 54 *and* "the district court extends the time to appeal under Rule 58," Fed. R. App. P. 4(a)(4)(A)(iii), or (2) a party timely files a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. Fed. R. App. P. 4(a)(4)(A)(iv); *see also Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 608 (6th Cir. 2004) (noting that "when a timely motion for attorney fees is filed under Rule 54, and the district court exercises its discretion under Rule 4(a)(4)(A) to extend the time for filing a notice of appeal, the motion for attorney fees is given the same effect as a Rule 59 motion to amend or alter the judgment, which, pursuant to Rule 4(a)(4)(A), automatically resets the time to file a notice of appeal until the newly characterized Rule 59 motion, formerly a Rule 54 motion for attorney fees, is disposed of"). Thus, "[n]ormally, a timely filed Rule 59(e) motion tolls the thirty-day period [under Federal Rule of Appellate Procedure 4(a)(1)] until entry of an

7

order disposing of the motion." *Utah Women's Clinic*, 75 F.3d at 566–67.

It is undisputed that the district court did not exercise its discretion to extend the time for filing a notice of appeal, although it viewed Judge Yost's motion as being brought under Rule 54(d). *See* Fed. R. App. P. 4(a)(4)(A)(iii). Judge Yost's notice of appeal of April 14, 2009, was filed over four months after the entry of judgment—well beyond the thirty-day window provided by Rule 4. Therefore, Judge Yost's notice of appeal was untimely unless his "Motion to Alter or Amend Judgment" can be construed, in substance as well as in form, as being brought under Rule 59(e). In that case, the time for appeal would have been tolled.

"In determining whether a motion is brought under Rule 59, we look beyond the form of the motion to the substance of the relief requested." *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label. *See id.*; *Cooper v. Singer*, 689 F.2d 929, 930 (10th Cir. 1982).

As we previously have recognized, *see Utah Women's Clinic*, 75 F.3d at 567, the Supreme Court has announced "a uniform rule" that a decision on the merits is final notwithstanding an unresolved issue of attorney's fees because "a request for attorney's fees . . . raises legal issues collateral to and separate from the decision on the merits." *Budinich*, 486 U.S. at 200 (internal quotation marks omitted); *see id.* at 199–203. The Court adopted this "bright-line rule" because "[s]uch an award

8

[of attorney's fees] does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action." *Id.* at 200; *see also White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (holding that Rule 59(e) does not apply to requests for attorney's fees; a motion for attorney's fees "raises legal issues collateral to the main cause of action–issues to which Rule 59(e) was never intended to apply" because Rule 59(e) applies to the "reconsideration of matters properly encompassed in a decision on the merits").

In *Utah Women's Clinic*, we addressed whether a Rule 59(e) motion that sought to delete only an award of attorney's fees and costs from the judgment tolled the time in which an appeal could be taken from the merits. 75 F.3d at 567. We held that it did not. *Id.* Although the plaintiffs' motion in *Utah Women's Clinic* "questioned the correctness" of the judgment "insofar as attorney's fees are concerned . . . . that d[id] not change the fact that costs and attorney's fees normally are collateral to the merits judgment, particularly when the judgment contemplates significant further proceedings concerning costs and attorney's fees." *Id.* We explained that the orders regarding costs and attorney's fees necessarily were not final because "they established fee liability, but not the fee amount. Without question, further proceedings on the attorney's fees and costs were inevitable, if only to quantify them." *Id.* at 568 (citation omitted).

Judge Yost's "Motion to Alter or Amend Judgment" did not challenge the district court's judgment on its merits, but only challenged the court's denial of

9

fees.  We therefore conclude that the motion concerned only a collateral

issue—attorney's fees—and was properly construed as a motion brought pursuant

to Rule 54(d) rather than Rule 59(e).  Our holding in *Utah Women's Clinic* is not

limited by its logic nor its terms to motions challenging orders granting attorney's

fees, that ordinarily would contemplate further proceedings.  In particular, *Utah*

*Women's Clinic* applies equally to motions challenging orders denying attorney's

fees, as here, that do not necessarily call for further proceedings.[6]  If we were to

---

[6]    We reject Judge Yost's contention that we are bound to follow the
Fifth Circuit's decision in *Ramsey v. Colonial Life Insurance Co.*, 12 F.3d 472
(5th Cir. 1994).  In that case, the Fifth Circuit held that a motion for
reconsideration of a final judgment that included a denial of attorney's fees tolled
the time period for filing a notice of appeal.  *Id.* at 478.  The *Ramsey* court
construed plaintiff's motion—not as an original request for fees—but rather as a
motion for reconsideration that "happened to focus on the question of attorney's
fees."  *Id.* at 476–77.  Judge Yost argues that we previously adopted the *Ramsey*
rule in *Utah Women's Clinic* insofar as it applied to judgments that *denied* fees.
We disagree.

In *Utah Women's Clinic*, we simply distinguished *Ramsey* on its facts,
explaining that "[w]e d[id] not think *Ramsey* was meant to apply where the Rule
59(e) motion is directed to the merits judgment *awarding* both attorney's fees and
costs which will be quantified at some future date," 75 F.3d at 568—*viz.*, *Ramsey*
was not intended to apply to the kind of circumstances that we confronted in *Utah*
*Women's Clinic*.  We did not have occasion in *Utah Women's Clinic* to engage in
significant analysis concerning, much less to render a holding about, what legal
rule should control in a situation (such as the one here) where the alleged tolling
motion was filed in response to a denial of an award of attorney's fees.  In
particular, we had no occasion—nor reason—to embrace the rule of *Ramsey*.  To
the extent that the language of *Utah Women's Clinic* could be read as doing so,
that language would be dicta.  *See, e.g.*, *Tuttle v. United States (In re Tuttle)*, 291
F.3d 1238, 1242 (10th Cir. 2002) ("[D]icta are statements and comments in an
opinion concerning some rule of law or legal proposition not necessarily involved
nor essential to determination of the case at hand." (internal quotation marks

(continued...)

10

hold otherwise, disputes over the collateral issue of attorney's fees would delay appeals of the merits and contravene "the uniform rule" in *Budinich*. *See Budinich*, 486 U.S. at 202–03; *Utah Women's Clinic, Inc.*, 75 F.3d at 568–69 ("Regardless of which side prevails, civil rights actions invariably spawn disputes over attorney's fees; these disputes should not delay the appeal of the merits.").

---

[6](...continued) omitted)); *see also* Michael Abramowicz & Maxwell Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005) ("A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are *based upon the facts of the case*, and (3) lead to the judgment. If not a holding, a proposition stated in a case counts as dicta. (emphasis added)). And, consequently, we would not be bound by such language. *See Bates v. Dep't of Corr.*, 81 F.3d 1008, 1011 (10th Cir. 1996) ("[A] panel of this Court is bound by a holding of a prior panel of this Court but is not bound by a prior panel's *dicta*.").

Moreover, in a case quite similar to this one, the Fifth Circuit discarded the rule of *Ramsey*, finding it to be abrogated by revisions to the federal rules. *See Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 251–53, 253 n.5 (5th Cir. 2004) (noting that *Ramsey* was abrogated by the 1993 amendment to Rule 4 providing that a motion for attorney's fees could toll the time to file a notice of appeal if the district court extends the time to appeal under Rule 58). In *Moody*, the alleged tolling motion challenged the district court's sua sponte denial of costs in its judgment, instead of attorney's fees as here. *Id.* at 250. However, contrary to Judge Yost's contention, *Moody*'s holding does not appear to be limited to the context of costs. The *Moody* court generally noted that "[t]he holding and reasoning of *Ramsey* is arguably in tension" with *Budinich*, *id.* at 252, and concluded its analysis of the effect of the rules revisions by stating that "it is clear to us that any post-judgment motion addressing costs *or attorney's fees* must be considered a collateral issue even when costs or attorney's fees are included in a final judgment." *Id.* at 253 (emphasis added). Given this development, any endorsement of *Ramsey* in dicta by *Utah Women's Clinic* would be open to serious question, at the very least.

11

## CONCLUSION

Because we lack jurisdiction to hear the merits of this appeal for the reasons discussed above, the appeal is **DISMISSED**.