FILED
United States Court of Appeals
Tenth Circuit

September 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TAMARA BRYANT,

Plaintiff - Appellant,

v.

KAREN PARSONS, 12th Judicial
District Court Judge, in her individual
and official capacity,

Defendant - Appellee.

No. 10-2085

(D. New Mexico)

(D.C. No. 1:07-CV-01304-MCA-KBM)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Tamara Bryant appeals pro se from a district-court order granting the

motion to dismiss of the defendant, Judge Karen Parsons, and from the later order

awarding Judge Parsons attorney fees and denying Ms. Bryant's motion for

reconsideration. Ms. Bryant's appeal is untimely as to the dismissal of the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint, and we affirm on the merits the denial of Ms. Bryant's motion for reconsideration and the grant of attorney fees.

## I. BACKGROUND

On December 27, 2007, Ms. Bryant filed a four-count, 34-page complaint against Judge Parsons in the United States District Court for the District of New Mexico. Judge Parsons is a New Mexico district-court judge. The complaint alleges that Judge Parsons violated Ms. Bryant's civil rights in the course of overseeing tort and domestic-relations lawsuits between Ms. Bryant and her former husband, Jack Russell. All of Judge Parsons's alleged wrongful acts were judicial actions undertaken by Judge Parsons, including rulings on motions and, at one point, finding Ms. Bryant in indirect civil contempt of court and incarcerating her until the contempt was purged. Judge Parsons moved to dismiss on the ground of judicial immunity. She also requested attorney fees, arguing that Ms. Bryant should have known that she had no legitimate claim because she had lost a similar claim against Judge Parsons in state court.

Ms. Bryant responded that Judge Parsons had acted outside the scope of her judicial capacity and without jurisdiction by finding Ms. Bryant in indirect contempt of court and incarcerating her without providing notice and a hearing and an opportunity for bail. On July 30, 2009, the district court granted the motion to dismiss and entered judgment on a separate document. The court did not award attorney fees and costs, but granted Judge Parsons leave to file a

postjudgment motion within 30 days.  On August 20, Judge Parsons moved for attorney fees; and on September 9, Ms. Bryant filed a motion entitled "Plaintiff[']s Objection to Order to Dismiss" (the Motion for Reconsideration). Because Ms. Bryant's motion was filed more than ten days after the district court entered final judgment, the court construed the motion as one for relief from judgment under Fed. R. Civ. P. 60(b), and denied the motion in an order filed on March 26, 2010.  The order also granted Judge Parsons's motion for attorney fees, although for substantially less than the amount requested.  On April 13, 2010, Ms. Bryant filed a notice of appeal of both the order of dismissal and the order awarding attorney fees and denying her Motion for Reconsideration.

## II.    DISCUSSION

### A.    The Order of Dismissal

This court lacks jurisdiction to hear an untimely appeal in a civil case.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The notice of appeal must be filed within 30 days of entry of judgment.  *See* Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).

Judgment was entered on Judge Parsons's motion to dismiss on July 30, 2009; but Ms. Bryant did not file her notice of appeal until April 13, 2010, long after the expiration of the 30-day deadline.  Her postjudgment Motion to Reconsider did not toll that period because it was filed more than 10 days after the judgment.  *See* Fed. R. App. P. 4(a)(4)(A).  Of course, she can appeal a later

order of the district court by filing a notice of appeal within 30 days of that order (as she did); but such a notice of appeal does not allow challenges to an earlier final order.

Ms. Bryant argues that the July 30 judgment was not a final judgment because it did not dispose of Judge Parsons's request for attorney fees. As a general rule, however, postjudgment proceedings regarding attorney fees do not affect the finality, or the appealability, of the judgment on the merits. *See Yost v. Stout*, 607 F.3d 1239, 1242–44 (10th Cir. 2010). There is an exception to the general rule if the district court orders that a request for attorney fees be treated as a timely Rule 59 motion. *See* Fed. R. Civ. P. 58(e). But the district court did not so order in this case. Therefore, we lack jurisdiction to review the court's order of July 30, 2009, dismissing Ms. Bryant's complaint.

**B.     Motion to Reconsider**

Ms. Bryant's Motion to Reconsider states in full:

PLAINTIFF[']S OBJECTION TO ORDER TO DISMISS

Comes Plaintiff, Tamara L Bryant and respectfully requests this Court to reconsider the Order to Dismiss Plaintiffs Action in the cause stated above. In accordance with Federal Rules of Civil Procedure, Rule 46; *Objecting to a Ruling or Order. A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.*
The Plaintiff states as follows: The dismissal of Plaintiff's claims threatens an immediate and irreparable denial of the

Plaintiff's constitutional rights, and would chill the exercise of her rights to Due Process. The Courts Dismissal in the Plaintiff[']s action should be reconsidered to protect the Plaintiff[']s rights and protect proper adjudication of the Plaintiff's complaint.

Grounds for this request will be found in the Plaintiff[']s original complaint filed with this Court and the records provided in the course of this action.

WHEREFORE, the Plaintiff, Tamara L Bryant does request the Court reverse its Order to Dismiss and proceed with the Scheduling Order for this matter.

R. at 172–73. The district court properly construed the motion as a Fed. R. Civ. P. 60(b) motion for relief from judgment, because it would have been untimely if treated as a motion under Fed. R. Civ. P. 59. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)[1] The motion, however, does not offer any Rule 60(b) ground to alter the July 30 order but merely relies on grounds "found in the Plaintiff[']s original complaint filed with this Court and the records provided in the course of this action." R. at 173. Thus, the district court properly denied the motion.

## C.    Attorney-Fee Award

We also reject Ms. Bryant's challenge to the award of attorney fees. The district court had proper grounds for awarding a fee, and she makes no effort on

[1]On appeal Ms. Bryant argues that her motion should have been construed as a motion under Fed. R. Civ. P. 59 because "it is excusable neglect on the part of the petitioner not to have been able to respond or submit her motion for reconsideration . . . within the ten-day time frame." Aplt. Br. at 19. She asserts that the order was not mailed to her proper address until August 10, 2009. *Id.* But she never presented this argument to the district court, so we will not address it. *See Sussman v. Patterson*, 108 F.3d 1206, 1210 (10th Cir. 1997).

appeal to challenge the reasonableness of the amount of the fee. Her appellate brief is mistaken in asserting that the court's July 30 order denied the request for attorney fees; and the award does not require her to pay for any alleged procedural errors by Judge Parsons in this litigation. In addition, her point that Judge Parsons's attorney fees are initially paid by the New Mexico Risk Management Division is irrelevant; the district court's fee award properly shifts that financial burden to Ms. Bryant.

We further hold that Judge Parsons is entitled to reasonable attorney fees on appeal, the amount to be set by the district court. *See Whittington v. Nordam Group Inc.*, 429 F.3d 986, 1002 (10th Cir. 2005).

## III.  CONCLUSION

We AFFIRM the district court's denial of Ms. Bryant's Motion for Reconsideration and its award of attorney fees. We DISMISS for lack of jurisdiction her appeal of the order granting Judge Parsons's motion to dismiss. We DENY Ms. Bryant's motion for leave to proceed *in forma pauperis*. And we REMAND to the district court for an award to Judge Parsons of her reasonable attorney fees on appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge