**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMORY RUSSELL; STEVE LYMAN;
GARY KELLEY; LEE MALLOY;
LARRY ROBINSON; GARY
HAMILTON; ART SCHAAP; GUY
SMITH,

      Plaintiffs - Appellants,

v.

THE NEW MEXICO INTERSTATE
STREAM COMMISSION; THE NEW
MEXICO ENERGY, MINERALS AND
NATURAL RESOURCES
DEPARTMENT, State Parks Division;
ESTEVAN LOPEZ, Individually and in his
official capacity as Director of the New
Mexico Interstate Stream Commission;
TOMMY MUTZ, Individually and in his
official capacity as Director of the New
Mexico State Parks Division,

      Defendants - Appellees.

No. 15-2042
(D.C. No. 1:13-CV-00760-KG-LAM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case involves the termination of dock license agreements on New Mexico's Ute Reservoir. Plaintiffs appeal from three orders of the district court, the combined effect of which was to grant summary judgment in favor of defendants on plaintiffs' state and federal claims challenging the terminations. We dismiss part of this appeal for lack of jurisdiction, and, exercising jurisdiction under 28 U.S.C. § 1291 over the remainder of the appeal, affirm the judgment.

## I. Background

Plaintiffs entered into license agreements with the New Mexico Interstate Stream Commission that permitted them to maintain private boat docks at Ute Reservoir in Ute Lake State Park. Ute Reservoir is managed by the Commission and the State Parks Division of the New Mexico Energy, Minerals, and Natural Resources Department ("Division"). In May 2013, defendants informed plaintiffs by letter that their license agreements were being terminated because the Division had determined that the docks had become a threat to public safety. A drought had yielded extremely low water levels at the reservoir, "grounding" the docks and causing them structural damage.

Plaintiffs sued, asserting a federal claim for violation of their due process rights under 42 U.S.C. § 1983 and a state claim for breach of contract. Both sides moved for summary judgment. In short, the court determined plaintiffs did not have a cognizable property interest in the license agreements, and it granted summary judgment in defendants' favor on the due process claim. It dismissed the contract

2

claim without prejudice. And it awarded defendants their costs and attorney fees pursuant to the indemnity provision in the license agreements.

Plaintiffs filed a Motion to Alter or Amend Judgment, arguing 42 U.S.C. § 1988 prohibited awarding attorney fees incurred in connection with their § 1983 claim based on the license agreements' indemnity provision and that the indemnity provision was unconscionable. The court agreed with the former but not the latter, and amended its previous award by limiting defendants to costs and attorney fees incurred in connection with the contract claim only.

Plaintiffs contend the district court erred by concluding (1) they did not have a property interest in the license agreements and (2) the indemnity provision of license agreements was neither procedurally nor substantively unconscionable.

Defendants, in turn, argue that we lack jurisdiction to consider plaintiffs' first argument because they did not timely appeal the district court's August 2014 orders disposing of their due process claim. As explained below, we agree with defendants' jurisdictional argument and therefore dismiss the appeal in part as to the due process claim. In addition, we reject plaintiffs' contention that the indemnity provision is unconscionable.

## II. Jurisdiction

Where the United States is not a party, a civil notice of appeal must be filed within thirty days of the order or judgment being appealed. Fed. R. App. P. 4(a)(1). "A timely filed notice of appeal is an absolute prerequisite to our jurisdiction." *Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 566 (10th Cir. 1995). Here, the orders granting summary judgment on plaintiffs' due process claim were entered on August 29, 2014, yet plaintiffs did not file their notice of appeal until March 4, 2015. Plaintiffs contend that their Motion to Alter or Amend Judgment, properly construed as a Rule 59(e) motion, tolled the thirty-day period until the entry of the order disposing the motion. However, even if we construe plaintiffs' motion as a Rule 59(e) motion, it is well established that "a Rule 59(e) motion, challenging only the award of costs and attorney's fees, does not toll the time for a merits appeal." *Id.* at 567. In an attempt to circumvent this clear precedent, plaintiffs assert that their motion is distinguishable from a typical challenge to an award of costs and attorney fees because it addressed the substantive correctness of the district court's legal reasoning. But the correctness of plaintiffs' legal argument does not change the fact that their motion challenged only costs and attorney fees. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) (concluding that a motion to alter or amend the judgment challenging only the court's denial of fees – and not the court's judgment on its merits – did not toll the time in which an appeal could be taken on the merits). Therefore, *Yost* and *Utah Women's Clinic* compel the conclusion that we lack jurisdiction to reach the merits of plaintiffs' due process claim in this appeal.

4

### III. Indemnity Provision

In awarding defendants their attorney fees and costs, the district court relied on the indemnity provision in the license agreements, which provides, in relevant part: "Licensee shall further indemnify the Commission for any attorneys' fees incurred in connection with, and/or staff attorneys' salaries allocable to, any action the Commission takes to enforce this Agreement." Aplt. App., Vol. 1, at 50. Plaintiffs argue this provision should not be enforced because it is both procedurally and substantively unconscionable. We are not persuaded.

We review de novo issues relating to unconscionability of a contract provision. *Figueroa v. THI of New Mexico at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 23, 306 P.3d 480. To determine whether a contract is unconscionable, we apply state law. *THI of New Mexico at Hobbs Center, LLC v. Patton*, 741 F.3d 1162, 1169 (10th Cir. 2014). Under New Mexico law, a court may decline to enforce a contract provision if it is procedurally unconscionable, substantively unconscionable, or a combination of both. *Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 32, 304 P.3d 409. Procedural unconscionability depends on "the particular factual circumstances surrounding the formation of the contract, including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline terms demanded by the other." *Figueroa*, 2012-NMCA-077, ¶ 22, 306 P.3d 480 (internal quotation marks omitted). Substantive unconscionability concerns "the legality and fairness of the contract terms themselves, including whether the contract terms are commercially reasonable

5

and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* (internal quotation marks omitted). Because unconscionability is an affirmative contract defense, the party alleging unconscionability has the burden of proving a contract provision is unenforceable on that basis. *Strausberg*, 2013-NMSC-032, ¶ 39, 304 P.3d 409.

In support of their argument that the indemnity provision is procedurally unconscionable, plaintiffs state in their brief that by the time they were presented with copies of the license agreement containing the provision, their docks were already floating on Ute Reservoir at a cost of tens of thousands of dollars each, and thus plaintiffs were offered the license agreements on a take-it-or-leave-it basis. But plaintiffs point to no evidence in the record that they did not freely and willingly enter into the license agreements. Their conclusory assertion, devoid of factual support, is insufficient to prove procedural unconscionability. Plaintiffs' argument concerning substantive unconscionability also is underdeveloped. Rather than arguing that the provision is unconscionable as applied to them in this case, they raise various arguments as to how it might be applied in a way that is one-sided and unconscionable, such as by billing them for the time spent drafting the termination letters. In the absence of any evidence that plaintiffs' were actually billed for this time or that the indemnity provision was actually applied to them in an unfair manner, they have not met their burden of proving substantive unconscionability.

The appeal is dismissed in part, and the judgment is affirmed.

Entered for the Court


Timothy M. Tymkovich
Chief Judge