NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>GREINES, MARTIN, STEIN & RICHLAND; et al.,<br><br>Defendants-Appellees. | No. 15-55428<br><br>D.C. No. 2:14-cv-04132-CAS-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 18, 2017**

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jehan Zeb Mir, M.D., appeals pro se from the district court's judgment

dismissing his action alleging Racketeer Influenced and Corrupt Organizations Act

("RICO"), 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and state law claims in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

connection with defendants' prior representation of Mir and attorney malpractice proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (personal jurisdiction); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009) (dismissal based on *Noerr–Pennington*). We affirm.

The district court properly determined that the defendant law firms of Greines, Martin, Stein & Richland LLP, Frandzel Robins Bloom & Csato, L.C., and Iungerich & Spackman, as well as the individual defendants associated with those firms, are immune from liability under the *Noerr–Pennington* doctrine because Mir failed to allege facts sufficient to show that defendants' state court litigation was objectively baseless. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (under *Noerr–Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct" (citation omitted)); *see also Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060-61 (9th Cir. 1998) (explaining the circumstances where the "sham" exception to the *Noerr–Pennington* doctrine is applicable).

The district court properly dismissed Mir's federal claims against defendant

Westport Insurance Corporation because Mir failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (elements of 42 U.S.C. § 1985(3) claim); *Living Designs, Inc. v. E. I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (elements of civil RICO claim); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001) (§ 1986 claim liability is predicated upon a § 1985 violation); *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999) (to state a § 1981 claim, a plaintiff must allege that he or she was subjected to intentional discrimination based upon his or her race); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (requiring a race-based nexus for § 1985 claim).

The district court properly dismissed all claims against defendant Brown for lack of personal jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014) (for specific personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum"); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (requirements for general jurisdiction);

15-55428

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (requirement for right to nationwide service in a RICO action).

The district court did not abuse its discretion in dismissing Mir's complaint without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave where amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Mir's requests for judicial notice, filed on April 25, 2016 and October 3, 2016, and appellee Frandzel Robins Bloom & Csato, L.C.'s request for judicial notice, filed May 31, 2016, are denied.

The request of appellees Iungerich & Spackman, Paul Spackman, and Russell Iungerich for attorney's fees and costs, set forth in their answering brief, is denied without prejudice. Their request for an order declaring Mir a vexatious litigant, also set forth in their answering brief, is denied without prejudice.

**AFFIRMED.**

15-55428