**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MERLYON BLACKBURN,

    Plaintiff - Appellant,

v.

MARK BROSTROM; AMY
HENDRICKSON; JOSEPH
MAEHLTEENON; TODD BLUTH;
DAVE COUTOUR; TOMAS RICHARD
ENSOR; HERB ATCHISON; BRIAN
FUSILAY,

    Defendants - Appellees.

No. 19-1098
(D.C. No. 1:18-CV-03015-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Merlyon Blackburn, a Colorado state prisoner proceeding pro se, appeals the

district court's order dismissing his amended civil rights complaint, without

prejudice, for failing to follow the court's order to comply with the requirements to

proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a)(2).  Mr. Blackburn also

---

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals the court's order denying his motion for reconsideration. We dismiss Mr. Blackburn's appeal as it relates to the motion for reconsideration for lack of appellate jurisdiction. We affirm the dismissal of Mr. Blackburn's cause of action.

Mr. Blackburn filed his complaint on November 23, 2018. Three days later, the magistrate judge ordered Mr. Blackburn to cure these deficiencies within thirty days, or his action would be dismissed without further notice: (1) submit a motion to proceed IFP on the court-approved prisoner form that also contains authorization to calculate and disburse filing fee payments, or pay the $400.00 filing fee; and (2) submit an amended complaint on the court-approved prisoner complaint form, containing a caption listing all parties.

Mr. Blackburn timely filed an amended complaint and motion. But the motion still did not contain the required authorization. The court therefore issued a second order stating Mr. Blackburn "will have one additional opportunity to cure [the deficiency]," R. at 67, giving him thirty days to comply, otherwise "the action will be dismissed without further notice," *id*. at 68.

On February 13, 2019, Mr. Blackburn filed the required authorization. The district court, however, dismissed the action, without prejudice, "for failure to prosecute and cure the deficiencies" on time. *Id*. at 75. The court also certified under 28 U.S.C. § 1915(a)(3) that any appeal of the order would not be taken in good faith and so denied IFP status for purposes of appeal.

On March 1, 2019, Mr. Blackburn filed a pleading titled "Request for Reinstatement of the Action, Reconsideration for Failure to Cure Deficiencies for

2

Excusable Neglect," *id*. at 84, arguing he timely filed the authorization under the prison mailbox rule, and also maintaining "the failure to cure the deficiencies were beyond [his] control," *id*. at 85. While Mr. Blackburn's motion for reconsideration was pending, he filed on March 15, 2019, a notice of appeal from the court's February 14 order dismissing the action. The court denied the motion for reconsideration, which it construed as a motion under Fed. R. Civ. P. 59(e), on April 4, 2019. Mr. Blackburn did not file a second notice of appeal or amend his first notice of appeal to include the April 4 order.

"A timely filed notice of appeal is mandatory and jurisdictional." *Yost v. Stout*, 607 F.3d 1239, 1242 (10th Cir. 2010) (internal quotation marks omitted). There is no dispute that Mr. Blackburn's premature notice of appeal filed on March 15, 2019, ripened when the district court resolved the motion to reconsider. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [which includes Rule 59 motions]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

But to perfect an appeal from the district court's April 4 decision denying Mr. Blackburn's motion for reconsideration, Rule 4(a)(4)(A) required him to file a second notice of appeal or amend his first notice.[1] *See Breeden v. ABF Freight Sys.,*

---

[1] "A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), [which includes a motion under Rule 59], must file a notice of

*Inc.*, 115 F.3d 749, 752 (10th Cir. 1997) (exercising jurisdiction over the underlying case but not over an order disposing of a Rule 59(e) motion filed after the notice of appeal because the appellant did not amend his notice of appeal).  Thus, although we have jurisdiction to consider the court's February 14, 2019 order dismissing the action, we have no jurisdiction to review the court's April 4, 2019 order denying Mr. Blackburn's motion for reconsideration.

A district court may dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").  "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances.  This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact."  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, brackets, and internal quotation marks omitted).

There was no abuse of discretion.  On appeal, Mr. Blackburn argues the district court erred in finding he failed to timely file the required authorization to calculate and disburse filing fee payments.  According to Mr. Blackburn, his

---

appeal, or an amended notice of appeal—in compliance with [Fed. R. App. P.] 3(c)— within the time prescribed by this Rule."  Fed. R. App. P. 4(a)(4)(B)(ii).

authorization was timely under the prison mailbox rule because he gave it to prison officials for mailing before the filing deadline. We disagree.

The prison mailbox rule makes the date on which a pro se prisoner presents a notice of appeal to prison officials for mailing the filing date for timeliness purposes. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). Although the rule was first applied to notices of appeal, "[w]e have . . . extended [the] mailbox rule beyond the notice of appeal context," to apply to other filings. *Id*. at 1164. Assuming, without deciding, the rule applies to Mr. Blackburn's IFP authorization, it was untimely under the rule.

On January 8, 2019, the district court entered its second order to cure, giving Mr. Blackburn thirty days to comply. That order made Mr. Blackburn's response due on February 7, 2019. But the record establishes Mr. Blackburn did not give his response to prison officials until February 8, 2019, at the earliest, making it untimely under the prison mailbox rule. *See* R. at 70-73. The court thus did not abuse its discretion in dismissing Mr. Blackburn's action for failing to timely comply with its order.

The judgment of the district court is affirmed. We grant Mr. Blackburn's motion to supplement his opening brief. We deny his motion to proceed IFP on appeal and remind Mr. Blackburn he must pay the filing fee in full.

Entered for the Court


Joel M. Carson III
Circuit Court Judge