FILED
United States Court of Appeals
Tenth Circuit

May 25, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEHAN ZEB MIR,

     Plaintiff - Appellant,

v.

JAY BROWN; WESTPORT
INSURANCE CORPORATION;
IUNGERICH & SPACKMAN; RUSSELL
IUNGERICH; PAUL SPACKMAN,

     Defendants - Appellees.

No. 19-3232
(D.C. No. 2:15-CV-09097-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Jehan Zeb Mir, pro se, appeals the district court's order granting defendants'

motion to dismiss his complaint on the grounds of res judicata. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. MOTION TO DISMISS THE APPEAL

As a preliminary matter, we consider defendants' motions to dismiss Mir's appeal as untimely. On August 19, 2019, a final judgment was entered that dismissed Mir's federal claims with prejudice and his state-law claims without prejudice. On August 30, Mir moved to amend the judgment to reflect a dismissal of *all* claims with prejudice under the mistaken belief that dismissal of the state-law claims without prejudice meant there was no final judgment for purposes of appeal. In a September 30 order, the district court construed Mir's motion as filed under Rule 59(e) of the Federal Rules of Civil Procedure and denied it on the grounds that dismissal of the state-law claims without prejudice did not affect the finality of the judgment. Mir then filed a notice of appeal on October 8.

According to defendants, Mir's appeal was untimely because it was not filed within thirty days from the district court's entry of the final judgment on August 19. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment . . . ."). Specifically, defendants argue the court erred in construing Mir's request to amend the judgment as a Rule 59(e) motion that tolled the deadline for filing a notice of appeal. We disagree.

The thirty-day deadline to file a notice of appeal admits of several exceptions, which include where a party files a timely motion to alter or amend the judgment under Rule 59(e). A timely Rule 59(e) motion is one that is "filed no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). In such

circumstances, the thirty-day deadline does not start to run until the court enters an order that disposes of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

"In determining whether a motion is brought under Rule 59, we look beyond the form of the motion to the substance of the relief requested." *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) (internal quotation marks omitted). "Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label." *Id.* By contrast, a post-judgment motion that concerns a separate legal issue, such as attorney's fees, is not properly considered under Rule 59 because it seeks relief on a legal issue that is "collateral to and separate from the decision on the merits." *Id.* (internal quotation marks omitted)

Here, Mir did not seek relief on an issue that was separate from or collateral to the district court's decision; rather, his motion concerned part of the court's decision itself. As a result, Mir's timely-filed motion to amend the judgment tolled the time to file his notice of appeal until the motion was denied on September 30, and his notice of appeal, filed eight days later, was timely. We therefore deny defendants' motions to dismiss Mir's appeal and turn to the merits.

## II. BACKGROUND

The events underlying this case began in 1985 when Mir, a physician, was terminated from a California hospital for alleged misconduct. In 1992, he retained defendants Iungerich & Spackman, a California law firm, and its principals, defendants Russell Iungerich and Paul Spackman (collectively "I & S") to represent

3

him in a state-court suit against the hospital to recover the income he allegedly lost as a result of the termination. The suit was unsuccessful, and in 2001, Mir sued I & S for malpractice.

Mir's suit triggered the involvement of I & S's malpractice carrier, defendant Westport Insurance Corporation ("Westport"), which is domiciled in Overland Park, Kansas. Westport, in turn, retained Greines, Martin, Stein & Richland ("the Greines firm") to represent I & S in the malpractice action. As part of the litigation, I & S filed a counterclaim for unpaid legal fees in the amount of $58,000, plus attorneys' fees, costs, and interest pursuant to the terms of its retainer agreement with Mir.

The parties agreed to settle the malpractice claim for $45,000. Following a bench trial in 2003, the court entered judgment in favor of I & S on its counterclaim for unpaid legal fees in the amount of $100,897, which included interest, costs, and attorneys' fees. Not long thereafter, I & S recorded the judgment.

In the meantime, Mir appealed. When Mir lost the appeal, I & S and the Greines firm filed a new request for attorneys' fees and costs incurred in defending the appeal, which the court granted in the amount of $76,909. Mir appealed the award of attorneys' fees, which he also lost. I & S and the Greines firm filed another request for attorneys' fees in the amount of $30,160 for defending Mir's appeal of attorneys' fees.

In 2013, I & S retained Frandzel, Robins, Bloom, Csato, LC ("the Frandzel firm") to assist in its effort to collect its judgment against Mir. To that end, the Frandzel firm filed an application in the Superior Court of Los Angeles County for a

4

renewed judgment in the amount of $438,594, which was granted by the clerk. But Mir sued to vacate the renewed judgment on numerous grounds, including (1) the $45,000 malpractice settlement should have been applied to principal on the outstanding judgment instead of accrued interest and (2) the attorneys' fees in the amounts of $76,909 and $30,160 had been paid by Westport, and therefore, I & S was seeking a double recovery. As part of discovery, Mir served a subpoena duces tecum on Westport. Defendant Jay Brown ("Brown"), is a Kansas lawyer and senior legal counsel for Westport's parent company, who was involved in responding to the subpoena.

The court rejected all of Mir's arguments with the sole exception that the $45,000 settlement should have been applied to reduce principal and recalculated the amount of the renewed judgment as $408,610. Mir appealed.[1]

In May 2014, while his appeal was pending, Mir filed suit in California federal district court against I & S, Westport, Brown, and the Greines and Frandzel firms stemming from their actions in obtaining and attempting to enforce the state-court judgment. Specifically, Mir asserted the following causes of action: (1) racial discrimination under 42 U.S.C. § 1981; (2) deprivation of rights by a person acting under color of state law under 42 U.S.C. § 1983; (3) conspiracy to violate civil rights

---

[1] The California Court of Appeal affirmed the judgment in the amount of $408,610. *See Mir v. Iungerich & Spackman*, No. B250393, 2015 WL 389634, at *4 (Cal. Ct. App. Jan. 29, 2015), *as modified on denial of reh'g* (Feb. 10, 2015).

under 42 U.S.C. §§ 1985 and 1986: (4) civil RICO claims under 18 U.S.C. § 1964(c); and (5) various state-law claims.

Westport and Brown moved to dismiss. The district court granted Brown's motion for lack of personal jurisdiction. The court also granted Westport's motion because Mir failed to state any cognizable claims and dismissed Mir's complaint without leave to amend. Further, the court declined to exercise supplemental jurisdiction over the state-law claims against Westport. *See Mir v. Greines, Martin, Stein & Richland*, No. 14-4132, 2015 WL 4139435, at *8-13, *17-23, *25 (C.D. Cal. Jan. 12, 2015) (*Mir I*).

Shortly thereafter, the district court granted the defendant law firms motions to dismiss Mir's federal claims, without leave to amend, on two grounds: (1) the claims were barred by the *Noerr-Pennington* doctrine[2] because defendants' litigation activities were protected under the First Amendment and (2) the complaint otherwise failed to state cognizable claims for relief. *See Mir v. Greines, Martin, Stein & Richland*, No. 14-4132, 2015 WL 12746231, at *6-7, *8-14 (C.D. Cal. Feb. 19, 2015). Once again, the court declined to exercise supplemental jurisdiction over the state-law claims. *See id.* at *15. Mir appealed to the Ninth Circuit Court of Appeals.

While Mir's appeal was pending, in May 2015, he filed suit against I & S, Westport, and Brown in the United States District Court for the District of Kansas. That suit, which is the subject of this appeal, was also based on I & S's, Westport's,

---

[2] *E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965).

6

and Brown's actions in obtaining and attempting to enforce the state-court judgment, and Mir's theory that defendants were engaged in a conspiracy to obtain a double recovery of the judgments for attorneys' fees in the state-court litigation. Although Mir did not reassert a claim under § 1983, his claims were otherwise identical to those asserted in *Mir I*, which was on appeal to the Ninth Circuit: (1) racial discrimination under § 1981; (2) conspiracy to violate civil rights under §§ 1985 and 1986; (3) civil RICO claims under § 1964(c); and (4) various state-law claims. The Kansas litigation was stayed pending the outcome of the appeal in *Mir I*.

In the meantime, in June 2015, Mir filed suit against I & S and the Frandzel firm in California federal district court in which he asserted claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), intentional interference with contractual rights under § 1981, and various state-law claims. The district court granted defendants' motions to dismiss the federal claims under the doctrine of res judicata and declined to exercise supplemental jurisdiction over the state-law claims. The court also found, for the second time, it was clear that Mir's federal claims could not be saved by amendment, dismissed them with prejudice to refiling, and declined to exercise supplemental jurisdiction over the state-law claims. *See Mir v. Frandzel, Robin, Bloom, Csato, LC*, No. 15-cv-04101, 2016 WL 4425715, at *1-3, *4-8 (C.D. Cal. Aug. 16, 2016) (*Mir II*). Mir appealed to the Ninth Circuit.

In January 2017, the Ninth Circuit affirmed the California district court's decision in *Mir I*. Relevant here, the Ninth Circuit affirmed the court's decision that: (1) I & S was immune from liability under the *Noerr-Pennington* doctrine; (2) Mir

7

failed to state plausible claims for relief against Westport; and (3) it lacked personal jurisdiction over Brown. The Ninth Circuit also held that the court did not abuse its discretion in dismissing Mir's complaint without leave to amend. *See Mir v. Greines, Martin, Stein & Richland*, 676 F. App'x 699, 700-01 (9th Cir. 2017). Several months later, the Ninth Circuit also decided *Mir II*, which affirmed the dismissal of the federal claims on the grounds of res judicata. *Mir v. Frandzel, Robin, Bloom, Csato, LC*, 699 F. App'x 752 (9th Cir. 2017).

Not long after the California federal litigation was resolved, the stay was lifted in the Kansas litigation and the district court ordered the parties to show cause why Mir's claims should not be dismissed based on the Ninth Circuit's decisions in *Mir I* and *Mir II*. I & S, Westport, and Brown argued for dismissal on several grounds, including res judicata. The court found that Mir's federal claims were barred by res judicata and dismissed them with prejudice. Further, the court declined to exercise supplemental jurisdiction over the state-law claims and dismissed those claims without prejudice. Mir appeals the dismissal of his federal claims.

### III. DISCUSSION

### A. Standard of Review

"We review de novo the district court's grant of . . . [a] motion to dismiss on . . . claim preclusion grounds." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014).

8

## B. Legal Background

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotation marks omitted). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Id.* (internal quotation marks omitted). "To apply claim preclusion, three elements must exist: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits." *Id.* (brackets and internal quotation marks omitted). However, "even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action." *Id.* (internal quotation marks omitted).

## C. Analysis

Mir cannot relitigate his federal claims against I & S and Westport because the three elements of res judicata are satisfied; specifically, there was a final judgment on the same claims between the same parties in *Mir I*. Nonetheless, Mir maintains he can proceed against Brown because he was dismissed for lack of jurisdiction and there is no final judgment. He is mistaken.

"Generally, claim preclusion requires that the named parties in the first and second suits be identical." *Id.* at 1240. "Thus, even where a plaintiff has already

9

sued one or more parties liable for a particular loss, the plaintiff ordinarily is entitled to bring another suit against a new defendant . . . based on the same loss." *Id.* "But an exception to this rule applies when there is 'privity' between the defendant(s) bound by the first suit and the new defendant(s) named in the second suit." *Id.*

"[T]his court has addressed, and found, privity in a variety of corporate contexts . . . [which include a] subsidiary and its 'controlling' parent . . . [and a] corporation and its agent." *Id.* at 1240-41. Here, Brown was an officer of Westport's parent company and he also acted as Westport's agent in responding to Mir's subpoena duces tecum. As a result, there was privity between Westport and Brown, and Mir's federal claims against Brown are also barred by res judicata.

We also reject Mir's further argument that he lacked a full and fair opportunity to litigate new claims against I & S that allegedly arose after he filed *Mir I* in 2014; namely, Mir maintains that following the California Court of Appeal's decision in January 2015, I & S continued to wrongly file liens and otherwise attempt to collect the judgment, and in doing so, also violated the FDCPA. Mir's new claims are barred by res judicata for two reasons: (1) his claims concerning I & S's debt-collection activities, generally, were part of the same transaction that formed the basis of his claims in *Mir I* and (2) his claim that I & S violated the FDCPA was raised and resolved against him in *Mir II*.

This court applies the transactional test to determine whether the new claims could have been raised in *Mir I*. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). "The transactional approach provides that a claim arising out

10

the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded." *Id.* (internal quotation marks omitted). "What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit. . . ." *Id.* (internal quotation marks omitted).

To be sure, claims that "aris[e] after the complaint has been filed, but before judgment, may be excluded from this transactional nexus, and thus be litigated in a subsequent action." *Id.* at 1150. "This does not mean, however, that a plaintiff can avoid supplementing his complaint with facts *that are part of the same transaction* asserted in the complaint. . . ." *Id.* Rather, "[u]nder the transactional test, a new action will be permitted only where it raises *new and independent claims*, not part of the previous transaction, based on the new facts." *Id.*

Here, the district court found, and we agree, that Mir "has not established any new claims independent of and lacking any transactional nexus with the claims adjudicated in [*Mir I*]." R., Vol. 4 at 743. We further agree that "[e]ven if [Mir] has raised new and independent claims . . . they still would be precluded [because] 'the object of [*Mir I*] was to establish the legality of the continuing conduct into the future.'" *Id.* (quoting *Hatch*, 471 F.3d at 1151).

We need not dwell on Mir's argument regarding his FDCPA claim. Mir raised the identical claim against I & S in *Mir II*, which was dismissed on the grounds of res judicata and affirmed by the Ninth Circuit. As a result, we agree with the district

11

court that Mir was precluded from bringing the FDCPA claim in the Kansas

litigation. *See id.* at 778-79.

### III.  CONCLUSION

The judgment of the district court is affirmed.  We deny defendants' motions

to dismiss this appeal as untimely filed.


Entered for the Court


Mary Beck Briscoe
Circuit Judge